442 A.2d 210

Anthony A. and Victoria SABATINE and William A. and
Mary L. Madden, Appellants,

v.

COMMONWEALTH of Pennsylvania, Appellee.

Supreme Court of Pennsylvania.

Argued April 21, 1981.

Decided Sept. 24, 1981.

Reargument Denied March 12, 1982.

Paul L. Herron, Kenneth R. Gross, Bryn Maur, for appellants.

Vincent J. Dopko, Deputy Atty. Gen., for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Judge.

This is an appeal from a final order of the Commonwealth Court affirming an order of the Board of Finance and Revenue ("Board") denying appellants' petition for a refund of taxes paid pursuant to the Realty Transfer Tax Act.[1]

---

1. Act of December 27, 1951, P.L. 1742, *as amended*, 72 Pa.C.S.A. §§ 3283–3292.

The Realty Transfer Tax Act provides in pertinent part:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper

The specific issue before us is whether the parties to an executed conveyance of real estate are entitled to a refund of the taxes paid thereon solely by reason of the fact that the corresponding deed subsequently is declared null and void *ab initio* by agreement of the parties. We hold that they are not so entitled, and, accordingly, affirm.[2]

The undisputed facts are as follows. On November 24, 1972, appellants, William and Mary Madden ("sellers"), conveyed by deed certain real estate which they owned to appellants, Anthony and Victoria Sabatine ("buyers").[3] At the time of settlement, the parties paid a realty transfer tax in the amount of $5,510.48 to the Commonwealth, appellee here.[4]

Approximately fourteen months after the conveyance, buyers initiated an action in equity in the Court of Common Pleas of Montgomery County requesting that the deed be declared null and void on the ground that they were allegedly induced to enter into the transaction by sellers' misrepresentations concerning the profitability of the properties or by mutual mistake of fact. Sellers' answer to the complaint specifically denied the allegations. The parties settled prior to trial, however, and submitted a consent decree to the court which was approved on July 17, 1974. The consent decree provided in its entirety:

> upon which such document is written or printed, a State tax at the rate of one (1) percentum of the value of the property represented by such document, which State tax shall be payable at the time of making, execution, delivery, acceptance or presenting for recording of such document.
> 72 Pa.C.S.A. § 3285.

**2.** Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142 § 2, *as amended,* 42 Pa.C.S.A. § 723(b).

**3.** The properties were 780 Lancaster Avenue, and 6, 8, 10 and 12 Elliott Avenue, Lower Merion Township, Montgomery County, Pennsylvania.

**4.** The payment of the tax was shared by the sellers and buyers. *See Sablosky v. Messner,* 372 Pa. 47, 92 A.2d 411 (1952) (sellers and buyers share dual responsibility for payment of realty transfer tax). In addition, the parties paid an equal amount in local taxes to the Township of Lower Merion and the Lower Merion School District.

(1) That the alleged Deed dated November 24, 1972, recorded in this county in Deed Book 3808 at page 139 et seq. be and is declared null and void and of no effect at any time.

(2) That the parties shall forthwith prepare and record a Deed setting forth the declaration herein for the purpose of negating the aforesaid recorded conveyance.

(3) That the underlying monetary transaction including the transfer taxes paid thereon is declared invalid.

(4) That the parties agree that Plaintiff will forthwith pursue the refund of taxes on behalf of both parties with all costs and fee to be deductible and pending same, the parties agree to withhold an accounting and resulting monetary judgment for disposition thereof. It is directed that within thirty (30) days after disposition of such proceeding the parties will file an accounting amicably for such purpose and if unable either party may list this matter for a hearing by the Court for the limited question of accounting and judgment thereon.

The decree thus did not include stipulations to any of the factual allegations in the complaint, but was couched entirely in conclusional language.

Pursuant to the decree, a deed of reconveyance negating the November 24, 1972 deed was prepared and recorded, and the properties were reconveyed to sellers. Thereafter, appellants filed with the Board a petition for refund of the transfer tax paid on the November 24, 1972 transaction, but that petition was denied.[5] On appeal before the Commonwealth Court in a *de novo* proceeding, appellants and the Commonwealth stipulated to a factual record which included reference to the existence and validity of the consent decree. The Commonwealth, however, expressly refused to stipulate to the conclusions *within* the consent decree, and did not stipulate to any facts which could have supported those conclusions. Appellants did not submit affidavits, stipula-

5. Appellants' request for reconsideration likewise was denied. The transfer taxes paid to Lower Merion Township and Lower Merion School District, however, were refunded.

tions of fact, or any other evidence to support the conclusions within the decree.

Observing that it had nothing before it in the way of evidence to support appellants' claim to the refund other than the consent decree itself, the Commonwealth Court concluded that the evidence was insufficient to prove that the Commonwealth was not equitably entitled to retain the transfer tax, and affirmed the decision of the Board of Finance. *Sabatine et al. v. Commonwealth*, 41 Pa. Cmwlth.Ct. 109, 398 A.2d 741 (1979).[6] This direct appeal followed.

The record clearly demonstrates that the Commonwealth stipulated only to the *existence* of the consent decree and to its validity as a judgment concluding the litigation between buyers and sellers. The underlying facts were never stipulated to by the Commonwealth, nor, in fact, were they stipulated between the parties themselves in the equity action which led to the reconveyance. Consequently, the success of appellants' *de novo* proceeding before the Commonwealth Court rested solely upon the agreement between themselves, as ratified by the consent decree.

A consent decree, however, is not a legal determination of matters in controversy; it has the binding force of a

---

**6.** It is well-established in this Commonwealth that "[a] voluntary payment of taxes can be subsequently recovered by a taxpayer only if and as a statute so provides." *Calvert Distillers Corp. v. Board of Finance and Revenue*, 376 Pa. 476, 479, 103 A.2d 668, 669 (1954). The statutory provision upon which appellants rely is Section 503(a) of the Fiscal Code, Act of April 9, 1929, P.L. 343, art. V. § 503 *as amended*, 72 Pa.C.S.A. § 503(a), which provides in pertinent part:

> The Board of Finance and Revenue shall have the power, and its duty shall be,
> To hear and determine any petition for the refund of taxes, . . . paid to the Commonwealth *and to which the Commonwealth is not rightfully or equitably entitled* and, upon the allowance of any such petition, to refund such taxes, . . . out of any appropriation or appropriations made for the purpose . . . . (Emphasis supplied).

It is further settled that a party appealing from a denial of a tax refund by the Board of Finance has the burden of proof in a *de novo* proceeding before the Commonwealth Court. *Anastasi Brothers Corp. v. Board of Finance and Revenue*, 455 Pa. 127, 131, 315 A.2d 267, 270 (1974).

legal determination on the parties thereto only. *Zampetti v. Cavanaugh*, 406 Pa. 259, 265, 176 A.2d 906, 909 (1962). It is a contract binding the parties to the terms thereof, and a court has neither the power nor the authority, absent fraud, accident or mistake, to modify its contents. *Universal Builders Supply, Inc. v. Shaler Highlands Corp.*, 405 Pa. 259, 265, 175 A.2d 58, 61 (1961). As to the sellers and buyers, the consent decree was valid and binding to declare the conveyance void *ab initio*. The Commonwealth, however, was not a party to the equity action, and thus was not bound by its resolution. The parties' agreement that the original conveyance was invalid had absolutely no legal weight in any other proceeding, other than as proof that *they* did so agree and would therefore be bound as between themselves.

It is undisputed that the original conveyance was a taxable event. In order to obtain a refund, appellants had the burden of proving to the satisfaction of the Commonwealth Court, as trier of fact in the *de novo* proceeding, that the conveyance was, in fact, *void ab initio*; the agreement between the parties to that effect reflected in the consent decree, however, was insufficient in itself for that purpose. The proceeding before the Commonwealth Court required independent proof of facts necessary to sustain appellants' claim to a refund; because the consent decree was not a legal determination of those facts, it had no legal weight as evidence thereof.[7]

In *Platt v. Wagner*, 347 Pa. 27, 31 A.2d 499 (1943), executors of the estate of a New York resident, pursuant to the reciprocal exemption provision of Pennsylvania's transfer inheritance tax statute, sought a refund of inheritance taxes paid on personal property located in Pennsylvania. They attempted to rely on a consent decree approved by this Court in *Commonwealth v. Taylor's Executor*, 297 Pa. 335,

7. Had the decree included stipulations between buyers and sellers to facts which, if true, would make the transaction invalid as a matter of law, the decree would have constituted *some* evidence in the refund proceeding. Even then, however, the decree would not have been conclusive, for the Commonwealth would have remained free to challenge the veracity of the parties' factual stipulations.

147 A. 71 (1929), which had resulted from an agreement between the Commonwealth and counsel for the Taylor estate that reciprocity in fact existed between New York and Pennsylvania for the purposes of that case. In a unanimous opinion, we held:

[T]he judgment entered in the *Taylor* case involved no judicial determination by this Court of the facts or the law there in controversy. It in no way modified the statement of [this Court] that actual reciprocity did not exist during the period in question and that a decision on the appeal was being deferred only in order to give each state the opportunity to re-establish such reciprocity by providing through appropriate legislation for the refund of taxes it had collected. It was expressly stated that the judgment was entered because of the agreement which had been entered into by counsel. Being but a consent-judgment *it was in no sense a decision of this Court* that the New York Act of 1931 had re-established actual reciprocity and that therefore the Taylor estate was entitled to a refund.

375 Pa. at 34–35, 31 A.2d at 502 (Emphasis supplied). We thus rejected the executor's argument and refused to grant a refund. Similarly, in the case before us the consent decree was in no sense a decision of the equity court that the initial conveyance was void or that appellants were entitled to a refund of the transfer tax.

Accordingly, the Order of the Commonwealth Court is affirmed.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a Concurring Opinion.

ROBERTS, Judge, concurring.

As this Court stated in *Baehr Bros. v. Commonwealth,* 487 Pa. 233, 237, 409 A.2d 326, 328 (1979), "[t]he Realty Transfer Tax Act ... imposes a tax on the *recordation* of any *document* which effects a transfer of an interest in land." (Emphasis in original). Here, real estate was conveyed by

deed to appellants Anthony and Victoria Sabatine, the deed was recorded, the realty transfer tax was paid to the Commonwealth, and the Sabatines assumed ownership of the property. Although I agree completely with the result reached by the majority, I am of the view that *no* amount of subsequent evidence that the conveyance was "void *ab initio*" could change the fact that the transfer tax was properly payable at the time the deed was presented for recordation. Where, as here, a party who has properly paid a realty transfer tax at the time of recordation wishes later to recoup the amount paid, his recourse, if any, lies not against the Commonwealth but in his contractual rights.