462 A.2d 811

The BOROUGH OF ELIZABETH, a Pennsylvania
Municipal Corporation

v.

AIM SHER CORPORATION, a Corporation, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 23, 1983.

Filed July 8, 1983.

Petition for Allowance of Appeal Denied Jan. 16, 1984.

Eugene J. Julian, Washington, for appellant.

Jay Harris Feldstein, Pittsburgh, for appellee.

Before SPAETH, BROSKY and MONTEMURO, JJ.

SPAETH, Judge:

This is an appeal from a decree declaring appellee to be the owner in fee simple of a tract of land. We affirm.

On March 20, 1956, Elsa and Henry Cooling conveyed a tract of land on the east bank of the Monongahela River in the Borough of Elizabeth, Allegheny County, to James F. Hosmer. Hosmer died on December 14, 1961, leaving a will giving all his property to his widow, Eleanor Mae Hosmer. On February 17, 1976, Mrs. Hosmer offered to deed the Monongahela River tract to appellee, the Borough of Elizabeth, in satisfaction of her liability for past property taxes.

While appellee investigated whether the County and School District would excuse Mrs. Hosmer's tax liability, one Edward J. Toth offered to buy the tract. On March 14, 1977, in exchange for $150.00 Mrs. Hosmer executed a deed prepared by Mr. Toth, conveying the tract to appellant, Aim-Sher Corporation. Appellant's articles of incorporation had not been filed, and were not filed until April 24, 1978.

Sometime during 1980—the date is not clear from the record—appellee advised Mrs. Hosmer of its willingness to excuse her tax liability, and on September 2, 1980, she executed a second deed, conveying the Monongahela River tract to appellee for "the purpose ... [of] mak[ing] a gift of the ... premises to the Borough of Elizabeth." After this conveyance, appellant advised appellee that it claimed the tract under Mrs. Hosmer's first deed. Appellee then brought this declaratory judgment action seeking a determination of which party holds title to the tract. The lower court ruled in appellee's favor.

–1–

■ Appellant argues that James F. Hosmer's will giving all his property to Eleanor Mae Hosmer was ineffective to

convey the Monongahela River tract. This argument lacks merit. 20 Pa.C.S. § 301(b) (1975).

–2–

Appellant also argues that the lower court erred in concluding that appellee was a subsequent bona fide purchaser without actual or constructive notice of Mrs. Hosmer's prior deed to appellant.[1] We do not find it necessary to reach the merits of this argument.

The lower court found that appellant did not exist at the time Mrs. Hosmer executed her first deed, purporting to convey the tract to appellant. Slip op. Mar. 2, 1982, at 15. Appellant does not challenge this finding, but we note that it is in any case supported by the record. Appellant did not come into formal existence until its articles of incorporation were filed on April 24, 1978, more than one year after Mrs. Hosmer's deed to appellant. N.T. 100–101. *See* 15 P.S. § 1207 (1967). Nothing in the record suggests that appellant enjoyed *de facto* existence before the commencement of its formal existence.[2] *See generally Appeal of Riviera Country Club*, 196 Pa.Super. 636, 176 A.2d 704 (1962). A deed that purports to convey real estate to a nonexistent corporation has no effect. *Africa v. Trexler*, 232 Pa. 493, 81 A. 707 (1911); *Burns v. McCabe*, 72 Pa. 309 (1873); *McCabe v. Burns*, 66 Pa. 356 (1870). Mrs. Hosmer's deed to appellant was therefore invalid. It follows that appellee's claim to the Monongahela River tract is superior to that of appellant, without regard to whether appellee was a bona fide purchaser.

Affirmed.

**1.** In its "Statement of the Questions Involved" appellant advances six arguments that are, in substance, different ways of arguing that the lower court incorrectly characterized appellee as a bona fide purchaser.

**2.** We thus have no occasion to consider whether a *de facto* corporation is capable of receiving a conveyance of realty.