633 A.2d 1336

**COMACH CONSTRUCTION, INC., Appellant,**

v.

**The CITY OF ALLENTOWN.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Nov. 10, 1993.

Henry S. Perkin, for appellant.

Patricia A. Siemiontkowski, Asst. City Sol., for appellee.

Before CRAIG, President Judge, COLINS, J., and KELTON, Senior Judge.

CRAIG, President Judge.

Comach Construction, Inc. appeals from an order of the Court of Common Pleas of Lehigh County which denied Comach's appeal from a decision of the City of Allentown which determined that Comach is subject to the business privilege tax (Ordinance No. 11851).

The issue in this case is whether the business privilege tax, enacted by the City of Allentown, is invalid as applied to Comach by virtue of Comach's claim that the tax duplicates the realty transfer tax imposed by the state under the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004, and thus results in double taxation prohibited to local taxing authorities. We affirm the decision holding the city's tax to be valid.

The undisputed facts of this case are as follows. Comach maintains its principal place of business in the City of Allentown. Comach is a general construction contractor in the business of constructing dwellings and structures for sale to unrelated third parties.

Pursuant to section 2 of the Local Tax Enabling Act (LTEA), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. § 6902, the city enacted the business privilege tax. The business privilege tax, according to section 333.03 of the ordinance, is a tax on the "privilege of doing business" and is measured by the gross annual receipts of each taxpayer's business.

On August 31, 1989, a tax examiner for the City of Allentown conducted an audit of Comach for the purpose of reviewing business privilege tax returns. As a result of the audit, the City of Allentown assessed an additional $58,470.26 in taxes and interest against Comach. Comach filed a petition for review with the Court of Common Pleas of Lehigh County on September 22, 1989, as a result of the assessment.

In an order dated November 10, 1992, the trial court determined that the business privilege tax, as applied to Comach, did not duplicate the state's realty transfer tax, so that the business privilege tax was valid as imposed upon Comach. This appeal followed.

The realty transfer tax is a tax imposed by the state on "[e]very person who makes, executes, delivers, accepts or presents for recording any document. . . ." Section 1102–C of the Act, 72 Pa.S. § 8102–C.

The business privilege tax, as enacted by the city under the LTEA, imposes a tax on the privilege of doing business in the city and is measured by the company's gross receipts.

Section 2 of the LTEA, 53 P.S. § 6902, authorizes municipalities to "levy, assess and collect ... such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision...." However, a municipality's taxing power is limited by section 2(1) of the LTEA, 53 P.S. § 6902(1), which provides in pertinent part:

Such local authorities shall not have authority by virtue of this act:

(1) To levy, assess and collect or provide for the levying, assessment and collection of any tax ... on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee; ....

Comach contends that the business privilege tax is based on the aggregate of the consideration paid to Comach for real estate during the year and therefore duplicates the realty transfer tax which is based on the consideration paid for real estate.

In *Commonwealth v. National Biscuit Co.,* 390 Pa. 642, 136 A.2d 821 (1957), the Supreme Court set forth the test for determining whether a local tax taxes the same "privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee," which is precluded by § 2(1) of LTEA, 53 P.S. § 6902(1). The court stated:

In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and,

more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied.

*Id.,* at 652, 136 A.2d at 825–26.

▪ The subject matter of the realty transfer tax is the recording of a deed. A 1% tax, based on the consideration paid for the real estate is required by the party desiring to record a deed. Thus, the event which triggers the tax is the recording of the deed.

▪ In contrast, the subject matter of the business privilege tax is the privilege of conducting a business in the City of Allentown. The business privilege tax is based on a business' gross receipts. The party responsible for the payment of the tax is the party engaged in the business.

▪ This court's conclusion is that the incidence of the business privilege tax on Comach applies to construction services, not just real estate sales, and is therefore not the same as the incidence of the state realty transfer tax upon the conveyance of real estate. Judge Young of the Court of Common Pleas of Lehigh County, made the following observations in his opinion:

Further, in examining the stipulated facts, it appears in Exhibit B that the taxpayer itself acknowledges that its gross revenues exceed the combined total of the considerations set forth in its recorded Deeds. In the taxable years 1984–1985; 1985–1986; 1986–1987; 1987–1988; and 1988–1989, it self-reported 'services' of $62,000, $71,400, $78,000, $85,000, and $94,390 respectively. Comach must therefore be repairing, modernizing, or refurbishing real estate of others which it does not sell. It is thus carrying on a business in the City, and its tax is being calculated in the same manner as every other business, by its gross sales.

Additionally, according to the record, in the taxable years 1984–1985, 1985–1986, 1986–1987, 1987–1988 and 1988–1989, Comach's gross receipts totaled $1,157,900, $1,893,374, $3,314,-691, $4,838,240 and $4,467,614 respectively.

The trial judge noted the import of paragraph 9 of the stipulation which states:

(9) Comach is a general construction contractor whose business it is to construct dwellings and other structures for sale to unrelated third parties.

Accordingly, as a *"general construction contractor* whose business it is to *construct* dwellings and other structures for sale...."* (emphasis added), the record is clear that the conveyance of real estate is only a partial and therefore incidental aspect of how Comach, as a business, becomes entitled to receive income.

Moreover, as noted above, the measure of the two taxes is not the same. The business privilege tax is measured by a company's gross receipts which, in this case, include the sale of real estate. As the trial court found, Comach's gross receipts exceed the combined total of all of the considerations paid during the year for the recording of deeds.

Accordingly, because the business privilege tax, as applied to Comach, does not duplicate the state realty transfer tax, the decision of the trial court is affirmed.

## ORDER

NOW, November 10, 1993, the order of the Court of Common Pleas of Lehigh County, at No. 89–C–2473, dated November 10, 1992, is affirmed.