**LESTER ASSOCIATES, a general partnership, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1999.

Decided June 29, 1999.

Submitted on Briefs Feb. 9, 2000.

Order Denying Exceptions
March 17, 2000.

Publication Ordered April 26, 2000.

---

PER CURIAM

*ORDER*

**NOW,** April 26, 2000, it is ordered that the above–captioned Memorandum Opinion, filed June 29, 1999, and Order with Dissenting Opinion, filed March 17, 2000 shall be designated OPINION and shall be REPORTED.

*ORDER*

**NOW,** March 17, 2000, upon consideration of Petitioner's exceptions to our order of June 29, 1999, said exceptions are hereby denied for the reasons contained in our opinion in *Lester Associates v. Commonwealth* (Pa.Cmwlth., No. 413 F.R.1997, filed June 29, 1999).

Judgment is entered on behalf of the Commonwealth.

Mark E. Halburner, Lemoyne, for petitioner.

Ronald H. Skubecz, Harrisburg, for respondent.

Before DOYLE, President Judge, and MCGINLEY, J., SMITH, J., FRIEDMAN, J., KELLEY, J., FLAHERTY, J. and LEADBETTER, J.

SMITH, J., dissenting.

I dissent from the majority's decision to deny Petitioner Lester Associates' exceptions to this Court's June 29, 1999 order, which entered judgment in favor of the Commonwealth and upheld its realty transfer tax assessment against Lester Associates. I believe that the majority's analysis fails to give proper consideration or effect to the decision of the Court of Common Pleas of Cumberland County declaring null and void the deed upon which the Department of Revenue (Department) assessed $110,692.32 in realty transfer tax against Lester Associates.

The majority sets forth the unusual facts giving rise to the present dispute. According to the stipulation of facts submitted jointly by the parties, Lester Associates is a general partnership with a fictitious name registered with the Corporation Bureau of the Department of State. "Gateway Square Associates, L.L.C., a limited liability company" (Gateway), is a Tennessee limited liability company not registered with the Department of State as a foreign limited company, whose members are the same as the partners of Lester Associates. At no relevant time was "Lester Associates, L.L.C." (Lester, L.L.C.) registered as a fictitious name or legal entity in Pennsylvania or any other jurisdiction.

Lester Associates took title to the subject commercial property located in Cumberland County in August 1992, and it purportedly conveyed the property for nominal consideration to Lester, L.L.C. by means of a deed recorded on March 20, 1995. A second purported conveyance by deed from Lester, L.L.C. to Gateway for nominal consideration was recorded on Au-

gust 23, 1995. The Department assessed a real estate transfer tax upon the purported March 1995 conveyance. On March 6, 1996, Lester Associates appealed to the Department's Board of Appeals, and Lester Associates also filed an action in the court of common pleas seeking a declaratory judgment that the deeds recorded March 20, 1995 and August 23, 1995 had no legal effect on the title to the property. Gateway and the Department were named as defendants; both were served with notice of the action along with the State Attorney General.

The trial court granted the preliminary objections of the Attorney General on behalf of the Department to its being named a party in the declaratory judgment action under Section 7540(b) of the Declaratory Judgements Act, 42 Pa.C.S. § 7540(b), and Lester Associates amended its complaint to omit the Department as a party. Gateway never responded. Thereafter, default judgment was entered, and notice was served on Gateway, the Department and the Attorney General. In June 1996 the trial court held a hearing on Lester Associates' motion for adjudication and final decree upon default judgment. Although counsel for the Attorney General and the Department attended the hearing as directed, they did not enter an appearance, and they declined the offered opportunity to intervene. The trial court issued a final decree on October 7, 1996, stating in relevant part:

> It is DECLARED, ADJUDGED, AND DECREED that, by virtue of Defendant's default, and as between the parties to this action, title to the property bounded and described as follows shall be deemed to be in Plaintiff, Lester Associates. . . .
>
> NOTHING HEREIN is intended to express an opinion as to the effect of this Decree, if any, upon any issues of real estate transfer tax liability.

On the question of the effect of the trial court's ruling, the majority cites *Sabatine v. Commonwealth,* 497 Pa. 453, 442 A.2d 210 (1981), for the proposition that the Department is not bound by a common pleas court's decision that declares a deed to be null and void. This interpretation,

however, misstates the holding of that case. In *Sabatine* some fourteen months after the transfer of a commercial property, the buyers brought an action in equity seeking to have the sale declared null and void based on asserted illegal inducement or mutual mistake of fact. The parties agreed to settle the case, and they entered into a consent decree stating that the recorded deed was null and void and of no effect and requiring action to seek refund of transfer taxes. The Department denied the request for a refund and this Court affirmed.

The Supreme Court affirmed this Court's order. It noted that the burden was on the taxpayer in the de novo proceeding before this Court to produce independent proof of facts sufficient to establish the taxpayers' claim to a refund. The consent decree did not specify underlying facts, and the Department did not stipulate to such facts. In any event, the consent decree was not a legal determination by the court of the matters in controversy; it was a contract binding the parties thereto, but not non-parties such as the Department, and it had no weight in any other proceeding except to prove that the parties agreed to its terms and were bound by them. *Sabatine; see also Lower Frederick Township v. Clemmer,* 518 Pa. 313, 543 A.2d 502 (1988). In a footnote the Court observed that if the consent decree had included stipulations between the buyers and sellers to facts that, if true, would make the transaction invalid as a matter of law, the decree would have constituted some evidence of such facts in the refund proceeding. *Id.* at 458 n7, 442 A.2d at 212 n7.

As may be seen, the central concern of the Supreme Court in *Sabatine* was to assure that consent decrees, i.e., agreements between litigants, not be deemed to be judicial determinations conclusive upon the Department where it was not a party and had no participation in crafting them. The majority misreads the limited holding of *Sabatine* to conclude that the trial court's decision is not binding upon the Department. *See* Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S.

§ 7533 (authorizing persons interested under a deed or other writing to have determined questions of construction and validity of an instrument and to obtain a declaration of rights, status or other legal relation). Common pleas courts, however, do not have jurisdiction to determine whether real estate transfer taxes should be imposed, and presumably that is why the trial court here carefully stated that it did not express an opinion as to the effect of its decree, if any, upon any issues of real estate transfer tax liability. The majority misreads this statement and then erroneously concludes, citing *Sabatine*, that this is the end of the inquiry.

In fact, the effect of the trial court's determination is the beginning of the inquiry. The question that remains for this Court to determine in its de novo review is whether the taxpayer has proven based upon the stipulations of the parties and the rest of the record that it is not required to pay a transfer tax on the purported March 1995 conveyance. Unlike the mere agreements between litigants reflected in the consent decree provisions in *Sabatine*, Lester Associates' evidence includes a trial court adjudication and determination that title to the subject property remains in Lester Associates, thereby declaring the March 1995 deed to be of no effect.[1]

Further, the procedural history shows that the Department received notice of the proceedings. Section 7540(b) of the Declaratory Judgments Act provides that in any proceeding involving the effect of any asserted legal relation, status, right or privilege upon the determination of any tax, the appropriate taxing authority shall

be served with a copy of the proceeding. If the taxing authority does not enter its appearance, the requirements of Section 7540(a), namely, that all persons with a claim or an interest that would be affected by the declaration be made parties, shall be satisfied if the court considers that the interests of the taxing authority are adequately represented. Here the trial court expressly stated that the Department's interests had been adequately represented.

In the same manner that a trial court lacks jurisdiction over a real estate transfer tax decision, the Department likewise lacks jurisdiction to determine who has title ownership to real estate where that issue is controverted. That issue could not be determined by the Department or its Board of Appeals or the Board of Finance and Revenue. Because it was served, the Department was aware of the pending declaratory judgment action, and it could have stayed further action until a decision was issued or it could have entered an appearance and participated in the proceedings. In my view, the Department's decision to assess a realty transfer tax against Lester Associates on a transaction that had no legal effect and in essence did not exist was necessarily in error.

A "[d]ocument" whose acceptance and recording is subject to the tax is defined in part as "[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate...." Section 1101–C, of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of May 5, 1981, P.L. 36, 72 P.S. § 8101–C.[2] Lester Associates has shown that the March 1995 deed was of no effect. Where there was no transfer, there is no liability for Lester

---

1. The doctrine of collateral estoppel forecloses re-litigation of issues of fact or law in a subsequent action following a final judgment where (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. *Yonkers v. Donora Borough,* 702 A.2d 618 (Pa.Cmwlth. 1997). Here these elements are met, and the Department may not impose a real estate transfer tax based upon a determination that the March 1995 deed transferred the subject property to Lester, L.L.C.

2. *See also Wilson Partners, L.P. v. Commonwealth,* 723 A.2d 1079 (Pa.Cmwlth.) *aff'd,* 558 Pa. 462, 737 A.2d 1215 (1999), *and cert. denied,* —— U.S. ——, 120 S.Ct. 1171, 145 L.Ed.2d 1180 (2000) (the Court reiterated the law that realty transfer tax is a tax upon a transaction, which is the transfer of title to real estate as evidenced by a document to be recorded). Thus if no deed exists, then there is no transfer of title to real estate to be taxed.

Associates to pay the real estate transfer tax.

Judge FRIEDMAN joins in this dissenting opinion.

Before DOYLE, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

DOYLE, J.

Lester Associates (Petitioner) petitions for review of an order by the Board of Finance and Revenue that affirmed a realty transfer tax determination made by the Department of Revenue assessing the tax on the transfer of real estate between the Petitioner and "Lester Associates, L.L.C."

Petitioner is a general partnership, registered as a fictitious name with the Pennsylvania Department of State, Corporations Bureau. Petitioner took title to certain commercial real estate (Property) located in Hampden Township, Cumberland County, Pennsylvania, by deed dated August 19, 1992, recorded at the Cumberland County Recorder of Deeds on October 23, 1992. Petitioner subsequently prepared a deed purporting to convey the Property to "Lester Associates, L.L.C." (Lester, L.L.C.) for nominal consideration. This deed was recorded on March 20, 1995, in Cumberland County and was accompanied by a Statement of Value, claiming exemption from the realty transfer tax on the grounds that the deed was a deed of correction. At no time relevant hereto was "Lester Associates, L.L.C." registered as a fictitious name, corporation, partnership, limited liability company or any other form of legal entity in Pennsylvania or in any other jurisdiction. A third deed was recorded on August 23, 1995, in Cumberland County, wherein "Lester Associates, L.L.C." was the grantor, conveying the Property to "Gateway Square Associates, L.L.C., a limited liability company" (Gateway) for nominal consideration. Gateway is a Tennessee limited liability company formed on December 28, 1994. This deed was accompanied by a Statement of Value, claiming

exemption from the realty transfer tax on the grounds that it also was a correctional deed, correcting the March 20, 1995 deed from Petitioner to Lester, L.L.C. The partners of Lester Associates, the Petitioner, are the same persons as the partners/owners/members of Gateway.

On December 8, 1995, the Department of Revenue (Department) notified Petitioner by mail that a 1% state transfer tax of $110,692.32 plus interest had been assessed with regard to the March 20, 1995 conveyance, based upon the Property's value of $11,069,232.00. The notice indicated that the transfer tax was assessed because "[t]ransfers to or between corporations or partnerships are fully taxable." (Realty Transfer Tax Notice, 12/8/95.) On March 6, 1996, Petitioner filed an appeal from the Department's determination by filing a petition for redetermination with the Department's Board of Appeals.

While Petitioner's appeal with the Board of Appeals was pending, Petitioner filed an action with the Cumberland County Court of Common Pleas seeking a declaratory judgment that the deeds recorded on March 25, 1995, and August 23, 1995, had no legal effect on the title to the Property. The original complaint named Gateway and the Department as defendants. On March 15, 1996, the Department filed Preliminary Objections, stating that, because the only interest of the Department is that of a taxing authority, it was improper for Petitioner to name the Department as a party in the declaratory judgment action. On April 19, 1996, Petitioner filed an amended complaint, removing the Department as a defendant. Gateway did not file an answer to either the complaint or the amended complaint and, on May 24, 1996, the Cumberland County Prothonotary entered a default judgment against Gateway. On May 24, 1996, Petitioner filed a Motion for Adjudication and Final Decree upon Default Judgment. Common Pleas held a hearing on June 27, 1996, where the Department was represented by counsel, but the Department did not enter an appear-

ance in this case and also declined an opportunity to intervene in the matter. Gateway was not represented at the hearing despite the fact that Petitioner's counsel was present, as well as one of Petitioner's general partners.

On October 7, 1996, Common Pleas entered an order "by virtue of Defendant's [Gateway's] default," declaring that "title to the [Property] shall be deemed to be in [Petitioner]" and further provided that, "Nothing herein is intended to express an opinion as to the effect of this Decree, if any, upon any issues of real estate transfer tax liability." (Common Pleas' Final Decree, 10/6/96, at 5–6.)

The Board of Appeals sustained the Department's determination of the tax assessment, and Petitioner then filed an appeal with the Board of Finance and Revenue (Board). The Board likewise upheld the tax assessment by order dated May 21, 1997. This appeal followed.

■ On appeal to this Court,[3] Petitioner argues that, because the order of Common Pleas declared the March 20, 1995 deed null and void, the realty transfer tax assessed on the transfer should be vacated. Alternatively, Petitioner argues that the realty transfer tax must be set aside because the March 20, 1995 deed was a correctional deed for nominal consideration between a partnership, as grantor, and a successor limited liability company, as grantee. As a third alternative, Petitioner argues that the tax assessment must be set aside because the deed was for nominal consideration between a principal and its agent.

The Realty Transfer Tax Law, contained within section 1102–C of the Tax Reform Code (Law),[4] provides as follows:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one per cent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or within thirty days of becoming an acquired company.

72 P.S. § 8102–C. A "document" is defined as:

Any deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate . . .

Section 1101–C of the Law, 72 P.S. § 8101–C.

■ Petitioner first contends that the final decree of Common Pleas had the effect of. declaring the subsequent deeds null and void *ab initio* and, therefore, title could not have been transferred to Gateway. In other words, Petitioner argues that because the realty transfer tax law applies only to those documents which convey, transfer, devise, vest, confirm or evidence a *transfer* of title to real estate, the tax assessment should be vacated because the deed was declared null and void. Petitioner further argues that, based upon the parties' stipulation that Lester, L.L.C. did not exist as a legal entity at any time, and based upon the fact that a deed to a nonexistent entity is null and void, Lester, L.L.C. could not have received title to the Property, and, therefore, no taxable event occurred.

---

3. This Court hears determinations of the Board of Finance and Revenue in its appellate jurisdiction, but its review is de novo. *Sabatine v. Commonwealth*, 497 Pa. 453, 442 A.2d 210 (1981).

4. Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 8102–C.

Contrary to Petitioner's argument, however, the final decree of Common Pleas explicitly stated that, "Nothing herein is intended to express an opinion as to the effect of this Decree, if any, upon any issues of real estate transfer tax liability." (Common Pleas' Decision, 10/6/96, at 6.) Our Supreme Court has held that the Department, in assessing realty transfer taxes, is not bound by a Common Pleas Court's decision that declares a deed null and void. *Sabatine v. Commonwealth*, 497 Pa. 453, 442 A.2d 210 (1981). The Department is vested by the Legislature with the exclusive authority to determine when the refund of taxes shall be made, and Courts of Common Pleas have no jurisdiction in that matter whatsoever. Furthermore, the decision of Common Pleas has not been appealed, and this Court is without jurisdiction to decide whether or not Common Pleas would have been correct in declaring the deeds void for tax purposes; that Court itself stated that its decree would have no effect on that issue.

Petitioner's first alternative argument is that it should be exempt from the realty transfer tax under the Law because the August 23, 1995 deed was merely a correctional deed that named Gateway as a successor limited liability company. Petitioner's argument is irrelevant because it addresses why the deed from Lester, L.L.C. to Gateway, recorded on August 23, 1995, should be excluded from the realty transfer tax. However, the Department did not assess a transfer tax on the August 23, 1995 transfer; the transfer tax at issue in this case was assessed on the March 20, 1995 transfer between Petitioner and Lester, L.L.C. Petitioner has offered no probative evidence whatsoever to establish that the March 20, 1995 deed was a correctional deed.

██ Nevertheless, even the facts as argued by the Petitioner do not support the conclusion that the transfer tax on the **March 20, 1995** transfer should be vacated on the grounds that that transfer was by a deed of correction only. A transfer of real property is subject to a realty transfer tax unless such transfer fits within one of the exclusions contained within Section 1102–C.3 of the Law. Among the excluded transactions is the following:

(4) A transfer for no or nominal actual consideration which corrects or confirms a transfer previously recorded, but which does not extend or limit existing record legal title or interest.

72 P.S. § 8102–C.3(4). The burden is on the Petitioner to prove that the deed at issue in this case, *i.e.*, the March 20, 1995 deed conveying the property between Lester Associates as grantor and Lester Associates, L.L.C. as grantee, was a correctional deed, as Petitioner claimed in the Statement of Value which accompanied the deed. But the essential question is, what did that deed "correct"? A "correctional deed" is defined by 61 Pa.Code § 91.151 as follows:

A deed made without consideration for the sole purpose of correcting an error in the description of the parties or of the premises conveyed is not taxable. This exclusion only applies if:

(1) The property interest in the correctional deed is identical to the property intended to pass with the original deed.

(2) The parties treated the property interest described in the correctional deed as that of the grantee from the time of the original transaction.

(3) The parties have not treated the property interest described in the original deed as the property of the grantee from the time of the original transaction.

61 Pa.Code § 91.151.

In this case, Petitioner has failed to meet the second and third conditions set forth by 61 Pa.Code § 91.151. Under the second requirement, the parties must have treated the property interest described in the "correctional deed" as that of the grantee (in this case, Lester, L.L.C., a

nonentity) from the time of the original transfer. 61 Pa.Code § 91.151(2). The third condition requires that the parties have **not** treated the property interest described in the original deed in August of 1992, as the property of the grantee therein (*i.e.,* Petitioner, Lester Associates, the grantor in the deed of correction) from the time of the original transaction. 61 Pa. Code § 91.151(3). The facts do not support either of these conclusions. To the contrary, the Stipulation of Facts filed by the parties in this case provides that:

> [f]rom October 23, 1992, to the present, **Petitioner** has treated the Real Property as a partnership property and has enjoyed sole beneficial interest in the property.

(Stipulation of Facts No. 10, at 3.) (Emphasis added.) Because Petitioner has treated the property as its own from the time of the original transaction, Petitioner has failed to establish that the deed to Lester, L.L.C. was a correctional deed. We conclude that the transfer tax was properly assessed with regard to the March 20, 1995 deed.

 Petitioner's second alternative argument is that the March 20, 1995 transfer should be excluded from the realty transfer tax as a conveyance from a principal to an agent. Petitioner argues that, because Petitioner and Gateway are comprised of the same members, Gateway is an agent of Petitioner. Once again, however, Petitioner's argument relates to the August 23, 1995 deed to Gateway and is thus irrelevant to the issue at hand. Petitioner provided no evidence in the record before this Court to establish the existence of a principal/agent relationship between it and Lester, L.L.C. Furthermore, the original Statement of Value attached to the March 20, 1995 deed provided Petitioner with the opportunity to claim an exclusion based upon a transfer between principal and agent and to provide a copy of an agency/straw party agreement. However, Petitioner instead claimed exclusion from the realty transfer tax on the basis that the

March 20, 1995 deed was a correctional deed. We therefore find Petitioner's arguments without merit.

Accordingly, judgment is entered in favor of the Commonwealth.

## ORDER

**NOW,** June 29, 1999, judgment is entered in favor of the Commonwealth. This order will become final unless exceptions are filed within 30 days of the entry of this order.