LESTER ASSOCIATES, a General Partnership, Petitioner,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided Feb. 10, 2003.

---

Mark E. Halbruner, Lemoyne, for petitioner.

Ronald H. Skubecz, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge SMITH–RIBNER.

Before the Court en banc are exceptions filed by Petitioner Lester Associates, a general partnership, to the opinion and order filed by a panel of this Court on July 22, 2002, after remand from the Pennsylvania Supreme Court, that affirmed the order of the Board of Finance and Revenue approving the imposition upon Lester Associates by the Department of Revenue (Department) of real estate transfer tax of $110,692.32, with interest. Lester Associates raises two questions: whether the Commonwealth is bound by a decree of the Cumberland County Court of Common Pleas declaring that title to the real property involved is vested in Lester Associates and whether Lester Associates proffered sufficient proof that its March 20, 1995 deed was void *ab initio* such that there was no transfer of real estate justifying the imposition of a real estate transfer tax.

The Supreme Court granted allowance of appeal in this matter, and it issued a per curiam order vacating this Court's order in *Lester Associates v. Commonwealth,* 751 A.2d 253 (Pa.Cmwlth.1999),[1] which affirmed the imposition of real estate transfer tax upon Lester Associates, and remanding as follows:

> **AND NOW,** this 28th day of November, 2000, the Order of the Commonwealth Court is vacated. The Commonwealth Court erred when it relied upon *Sabatine v. Commonwealth,* 497 Pa. 453, 442 A.2d 210, 212 (Pa.1981), for the general proposition that the Department of Revenue is not bound by a Common Pleas Court's decision. Accordingly, this matter is **REMANDED** to the Commonwealth Court for consideration of whether Lester Associates proffered sufficient evidence that the March 20, 1992[sic] deed was void *ab initio, Sabatine,* 497 Pa. at 458, 442 A.2d at 212, such that there was no transfer of real estate, justifying the imposition of realty transfer tax by the Department of Revenue.

*Lester Associates v. Board of Finance and Revenue,* 563 Pa. 519, 762 A.2d 1084 (2000).

## I

According to the stipulations submitted jointly by the parties, Lester Associates is a general partnership with a fictitious name registered with the Corporation Bureau of the Department of State. By a deed dated August 19, 1992 and recorded October 23, 1992, Lester Associates took title to certain commercial property in Cumberland County. By a deed dated January 1, 1995 and recorded March 20, 1995, Lester Associates purportedly conveyed the property for nominal consideration to "Lester Associates, L.L.C." Lester Associates, L.L.C. was never registered as a fictitious name or legal entity in Pennsylvania or in any other jurisdiction. A realty transfer tax statement of value dated February 24, 1995 and recorded with the deed listed a fair market value of $11,069,232 but claimed exemption from the tax as a corrective or confirmatory deed.

By deed dated January 2, 1995 and recorded August 23, 1995, there was a second purported conveyance for nominal consideration from Lester Associates, L.L.C. to Gateway Square Associates, L.L.C. (Gateway), which is a Tennessee limited liability company that was formed on December 28, 1994 and that is not and has not been registered with the Department of State as a foreign limited liability company. The partners in Lester Associates are the same persons as the members of Gateway. That deed was accompanied by a realty transfer tax statement of value and claim for exemption stating fair market value as $6,229,557.39 and also claiming exemption as a corrective or confirmatory deed. From October 23, 1992 to the present, Lester Associates has treated the property as a partnership property and has enjoyed sole beneficial interest in it.

The Department granted an exemption as to the second deed but assessed a real estate transfer tax upon the purported March 1995 conveyance. On March 6, 1996, Lester Associates appealed to the Department's Board of Appeals and also filed an action seeking a declaratory judgment that the deeds recorded on March 20 and August 23, 1995 had no legal effect on the title to the property, which remained

---

**1.** The majority relied on an interpretation of *Sabatine v. Commonwealth,* 497 Pa. 453, 442 A.2d at 212 (1981), as holding that the De-partment is not bound by a court of common pleas decision.

in Lester Associates. Gateway and the Department were named as defendants and were served with notice. The trial court granted the Department's preliminary objections to being named a party in the action under Section 7540(b) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(b). Lester Associates amended its complaint and omitted the Department as a party. Gateway never responded, and a default judgment was entered. Notice was served on Gateway, the Department and the Attorney General. In June 1996 the court held a hearing on Lester Associates' motion for adjudication and final decree upon default judgment. Counsel for the Department and the Attorney General attended the hearing, as directed, but did not enter an appearance and declined the opportunity to intervene. The court issued a final decree on October 7, 1996, stating in part:

It is DECLARED, ADJUDGED, AND DECREED that, by virtue of Defendant's default, and as between the parties to this action, title to the property bounded and described as follows shall be deemed to be in Plaintiff, Lester Associates....

NOTHING HEREIN is intended to express an opinion as to the effect of this Decree, if any, upon any issues of real estate transfer tax liability.

The Board denied Lester Associates' appeal despite the trial court's decree. As noted above, this Court affirmed and the Supreme Court vacated and remanded.

■ Upon remand, the parties elected to proceed on the existing record, and a majority of a panel of this Court once again affirmed the imposition of the tax. Although acknowledging case law that a purported transfer to a nonexistent entity is void *ab initio, see, e.g., Borough of Eliz-*

*abeth v. Aim Sher Corp.,* 316 Pa.Super. 97, 462 A.2d 811 (1983), the majority noted that Lester Associates treated Lester Associates, L.L.C. as an entity with the capacity to buy and sell property, and it emphasized that Gateway is an entity that has the capacity to buy and sell real property. The majority stated that it was obvious from the history of the transactions that Lester Associates intended to convey the property to Gateway through an admittedly nonexistent entity. The majority cited *Pruitt v. Ferguson,* 224 Va. 507, 297 S.E.2d 714 (1982), for the proposition that a deed to a nonexistent person is a valid conveyance to the intended but misnamed grantee if such person exists and if the intention of the parties can be ascertained. Further, the majority rejected Lester Associates' alternative argument that a beneficial interest in the property was not transferred and stated that the deed is a document that shows a transfer of legal title to real estate within the meaning of Section 1101–C of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of May 5, 1981, P.L. 36, 72 P.S. § 8101–C. Lester Associates filed exceptions, which are now ripe for determination.[2]

## II

Lester Associates first argues that the Commonwealth, i.e., the Department, is bound by the Common Pleas Court's decree declaring that Lester Associates has title to the property in question. It notes that the Common Pleas Court has jurisdiction to determine the validity and effect of a deed to real property. Section 931(a) of the Judicial Code, *as amended,* 42 Pa. C.S § 931(a), provides the courts of common pleas with unlimited original jurisdiction of

---

**2.** Although the Court reviews determinations of the Board of Finance and Revenue in its appellate jurisdiction, the Court's review is de novo. *Sabatine.*

all actions and proceedings except where exclusive jurisdiction is vested in another court by statute or rule, and Section 7533 of the Declaratory Judgments Act, 42 Pa. C.S. § 7533, provides that any person interested under a deed or other writings constituting a contract may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status or other legal relations thereunder. The trial court adjudicated the matter within its jurisdiction, and its order has not been stricken, opened or appealed.

Section 7540(b) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(b), provides that in any proceeding that involves the effect of any legal relation, status, right or privilege upon the determination of any tax, the taxing authority shall be served with a copy of the proceeding, but if it does not enter its appearance the requirement of Section 7540(a), 42 Pa.C.S. § 7540(a), that all persons who have or claim an interest that would be affected must be served shall be satisfied if the court considers that the interests of the taxing authority are adequately represented. Here the Department filed preliminary objections stating that its interest was solely that of a taxing authority, and the proper procedure under 42 Pa.C.S. § 7540(b) would be to serve it and then let it decide whether to enter an appearance. The Department was so served and expressly declined the opportunity to intervene to attempt to prove that a transfer had taken place. The trial court determined that the Department's interests were adequately represented.

■ In *Sabatine* the parties arrived at a settlement of an action in equity seeking to nullify a sale of land, and they entered into a consent decree that the recorded deed was of no effect. This Court and the Supreme Court affirmed the Department's

denial of a request for a refund. The consent decree was not a legal determination by the trial court of the matters in controversy; it did not specify any underlying facts, and it had no weight in any other proceeding except to show that the parties were bound by its terms. The Supreme Court's remand order in the present case indicates that this Court erred in concluding that *Sabatine* stood for a general proposition that the Department is not bound by an order of the trial court. Plainly the concern of *Sabatine* was that consent decrees not be given binding effect upon the Department when it had no hand in drafting them. In contrast, the Department elected not to participate or to intervene even though directed to attend the hearing. As Lester Associates points out, the trial court did not say that its order had no effect on the issue of the tax but rather that the court did not express an opinion on the issue. The Department is bound by the order of the trial court.

■ Next Lester Associates contends that the record demonstrates that the March 20, 1995 deed was void *ab initio* such that there was no transfer of real estate to justify the imposition of the real estate transfer tax. Section 1102–C of the Code, 72 P.S. § 8102–C, imposes a realty transfer tax upon every person who presents for recording any "document" in respect to the transaction. Section 1101–C defines "document" in part as "[a]ny deed, instrument or writing which conveys, transfers, devises, and vests, confirms or evidences any transfer or devise of title to real estate . . . ." This Court has stated: "The realty transfer tax is a tax upon the transaction, the transfer of title to real estate as evidenced by a document that is to be recorded." *Wilson Partners, L.P. v. Commonwealth*, 723 A.2d 1079, 1082 (Pa. Cmwlth.), *aff'd*, 558 Pa. 462, 737 A.2d 1215 (1999).

Lester Associates stresses that for a deed to be valid the grantee must be capable of taking title at the time of the conveyance. In *Borough of Elizabeth*, where an owner deeded a property to a corporation that had not yet come into being formally and was not shown to have any de facto existence before its articles of incorporation were filed over a year later, the trial court held that the deed was invalid. The court stated: "A deed that purports to convey real estate to a nonexistent corporation has no effect." *Id.*, 462 A.2d at 812 (citing *Africa v. Trexler*, 232 Pa. 493, 81 A. 707 (1911), among others). The stipulation of the parties states that Lester Associates, L.L.C. has never existed and that it was named as the grantee in the March 20, 1995 deed. Thus the March 1995 deed was void *ab initio*, and because there was never a transfer of title there was no basis for the tax.

The Department agrees with the rule that for an instrument to convey title to land the grantee must exist at the time of the conveyance and be capable of taking title. Nevertheless, it cites 23 Am.Jur.2d Deeds § 28 (1983) for the proposition that this rule does not apply when a living person in existence is described by a fictitious or assumed name; if a living person is identifiable as the grantee named in the deed, the deed is valid. It quotes *Pruitt*, 224 Va. at 512, 297 S.E.2d at 717 (1982): "A deed to a nonexistent person is a valid conveyance to the intended but misnamed grantee, if such a person exists and if the intention of the parties can be ascertained."

The Court concludes, however, that the stipulations do not establish that Lester Associates, L.L.C. was an assumed name for Gateway or that the March 1995 deed intended to convey the property to Gateway *through that instrument*. To the contrary, the stipulations are that another deed from Lester Associates, L.L.C. to Gateway was prepared around the same time. The evidence presented by Lester Associates, as reflected in the stipulation, shows that Lester Associates, L.L.C. did not exist and was not capable of taking title to property at the time of the purported conveyance to it. The Court thus concludes that Lester Associates has proffered sufficient evidence to establish that the March 1995 deed was void *ab initio*. Of course, any further purported conveyance from Lester Associates, L.L.C. was necessarily void as well. In short, there never was any legal transfer of title to the property that would justify the imposition of the real estate transfer tax. The exceptions of Lester Associate are sustained, and the order of the Board of Finance and Revenue is reversed.

### *ORDER*

AND NOW, this 10th day of February, 2003, the exceptions filed by Lester Associates to this Court's decision of July 22, 2002 are sustained, and the decision of the Board of Finance and Revenue is reversed.

DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent from the majority's holding that Lester Associates is entitled to a refund of the real estate transfer tax (transfer tax)[1] because the March 20,

---

1. The transfer tax is included within the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101–10004. Sections 1101–C to 1113–C of the Tax Code, 72 P.S. §§ 8101–C to 8113–C, constitute the transfer tax. Sections 1101–

C to 1112–C of the Tax Code were added by Section 4 of the Act of May 5, 1981, P.L. 36, and were subsequently amended. Section 1102–C of the transfer tax provides:

Every person who makes, executes, delivers, accepts or presents for recording any

1995 deed was void *ab initio*. I disagree because:

- The common pleas court's order did not determine that the deed was void *ab initio* for the purpose of a deed transfer tax and, in any event, because it was a default judgment, it can have no preclusive effect.
- A deed cannot be void *ab initio* and this deed was not because the parties presented a deed for recording, warranting that it was a proper deed.
- Even if the deed was void *ab initio*, it is of no matter because what is taxed is not the deed but the recording of a document or deed, and once recorded, the tax is owed regardless of whether the deed is determined to be ineffective.

Lester Associates is a general partnership registered as a fictitious name with the Pennsylvania Department of State, Corporations Bureau. By deed dated August 19, 1992, and recorded on October 23, 1992, it took title to certain commercial property (Property) located in Cumberland County, Pennsylvania. Lester Associates subsequently prepared a deed purporting to convey the Property to "Lester Associates, L.L.C." (Lester, L.L.C.) for nominal consideration. The deed was recorded on March 20, 1995, and was accompanied by a Statement of Value that claimed exemption from the transfer tax on the grounds that the deed was a deed of correction. At no time relevant hereto was "Lester Associ-

ates, L.L.C." registered as a fictitious name, corporation, partnership, limited liability company or any other form of legal entity in Pennsylvania or in any other jurisdiction. On August 23, 1995, a third deed was recorded wherein "Lester Associates, L.L.C." conveyed the Property to "Gateway Square Associates, L.L.C., a limited liability company" (Gateway) for nominal consideration. Gateway is a Tennessee limited liability company that was formed on December 18, 1994. This deed was accompanied by a Statement of Value which claimed exemption for the transfer tax on the grounds that it also was a correctional deed for the March 20, 1995 deed.[2] The partners of Lester Associates are also the partners of Gateway.

On December 8, 1995, the Department of Revenue (Department) notified Lester Associates that a transfer tax of $110,692.32 plus interest had been assessed with regard to the March 20, 1995 conveyance based upon the Property's value of $11,069,232.00. The notice indicated that the transfer tax was assessed because "[t]ransfers to or between corporations or partnerships are fully taxable." (Realty Transfer Tax Notice, 12/9/95). The Board sustained the Department's determination of the tax assessment, and Lester Associates then filed an appeal with the Board of Finance and Revenue. It likewise upheld the tax assessment.

document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one per cent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or

within thirty days of becoming an acquired company.

72 P.S. § 8102–C. A "document" is defined as:

Any deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate . . .

Section 1101–C of the Tax Code, 72 P.S. § 8101–C.

2. The Department is not claiming any transfer tax on this transaction.

Along with filing a petition for redetermination with the Department's Board of Appeals (Board), Lester Associates also filed an action with the Cumberland County Court of Common Pleas (trial court) seeking a declaratory judgment against Gateway and the Department. **Note that the principles/partners in Lester Associates and Gateway are the same.** Lester Associates sought an order declaring that the deeds, recorded on March 20, 1995, and August 23, 1995, had no legal effect on the title to the Property. After preliminary objections were filed by the Office of Attorney General, the complaint was amended to delete the Department as a defendant. On October 7, 1996, the trial court entered a default judgment against Gateway and found that title to the Property was still in Lester Associates. In the order, the trial court specifically stated that it made no opinion as to the effect the default judgment had on issues of deed transfer tax liability.

On appeal from the Board of Finance and Revenue, this Court first affirmed the imposition of the transfer tax in *Lester Associates v. Commonwealth of Pennsylvania*, 751 A.2d 253 (Pa.Cmwlth.1999) (*Lester I*), and on appeal, the Supreme Court remanded *Lester Associates v. Board of Finance and Revenue*, 563 Pa. 519, 762 A.2d 1084 (2000) (*Lester II*), asking for a determination whether Lester Associates offered sufficient evidence to prove that the deed of March 20, 1995, was void *ab initio*. This Court, in a panel decision dated July 22, 2002, found that sufficient evidence was lacking. Lester Associates filed exceptions to that order, and this case was heard before our Court en banc.

In reversing the Board, the majority concludes that the deed is void *ab initio* for several reasons. One reason is that it concludes that the Department and this Court are bound by the decision of the trial court that title is vested in Lester Associates rather than in Lester, L.L.C. or Gateway, and that that somehow impacts on whether the deed transfer tax needs to be paid. It·does so because the interests of the Department were adequately represented, even though the Department, as found by the trial court, was not a party to the transaction.

First, I disagree that the trial court's order should be given any preclusive effect. For any order to have any preclusive effect on any subsequent litigation, the matter has to have been actually litigated. *McNeil v. Owens–Corning Fiberglas Corp.*, 545 Pa. 209, 680 A.2d 1145 (1996). Because the trial court's default judgment was not litigated, the order cannot have any preclusive effect on whether the transfer tax was due and owing either before the Board of Finance and Revenue or this Court. Not only can it have no legal effect, but the trial court specifically said it had no effect. All that the trial court found was that title to the property was vested in Lester Associates; it did not find that the deeds conveying to Lester, L.L.C. and Gateway were void *ab initio*. Moreover, it specifically found that it made no findings as to transfer tax liability.[3]

What is most troubling about the majority's determination is that it allows a sham action where two parties, both controlled by the same individuals, get some sort of preclusive effect by obtaining a collusive

---

**3.** The trial court declared that "by virtue of Defendant's [Gateway's] default," the "title to the [Property] shall be deemed to be in [Lester Associates]" and further provided that, "Nothing herein is intended to express an opinion as to the effect of this Decree, if any, upon any issues of real estate transfer tax liability." (Trial Court's Final Decree, 10/6/96, at 5–6.)

default judgment. Not only does it sanction collusive behavior by giving it preclusive effect, but the majority's holding frustrates the statutory scheme that matters related to state taxes which are to be handled exclusively by the Board of Finance and Revenue and ultimately this Court. Even though title had been vested in Lester, at this point, separate and apart from other issues, we have two recorded deeds upon which transfer taxes have not been paid.

Second, I disagree that the deeds can ever be declared void *ab initio*. The majority finds that the March 1995 deed transferring property to a nonexistent entity, namely Lester, L.L.C., was void *ab initio;* therefore, it concludes that there was never a legal transfer to justify the imposition of the transfer tax. The majority also concludes that the parties' stipulations do not establish that Lester, L.L.C. was an assumed name for Gateway or that the March 1995 deed intended to convey the Property to Gateway through that instrument. I disagree because while "[a] deed that purports to convey real estate to a nonexistent corporation has no effect," *Borough of Elizabeth v. Aim Sher Corporation,* 316 Pa.Super. 97, 462 A.2d 811, 812 (1983), this holding only stands for the principle that the transaction may be of "no effect;" the deed itself is not void because it was filed with the intent to place a transaction on the record. When the office of the Recorder of Deeds (Recorder) accepts a deed, it has no power not to record the deed if it is properly presented; it does not warrant that the grantor has title, that grantor or grantee exists; rather, it simply records the deed to fix any rights that may exist on the public record that day, and the deed itself can never be void *ab initio;* only the transaction can be found so.

Third, the tax is due and owing. The March 20, 1995 deed was presented for recording, subjecting that entity to the transfer tax. Section 8102–C of the Tax Code, 72 P.S. § 8102–C, states that every person who presents for recording a deed "shall be subject to pay ... for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one per cent of the value of the real estate represented by such document ..." The transfer tax is levied on the "parchment or paper," and the measure of that tax is the "value of the real estate." Section 8102–C does not look beyond the document to see if the transaction is valid or whether the parties actually exist, because the levying of the transfer tax does not rely on the validity of the deed; it only looks to see if a document was recorded. In the case before us, the deed between Lester Associates and Lester, L.L.C. and the deed between Lester, L.L.C. and Gateway were both presented for recording, and the person or entity presenting the deed for recording is required to pay the transfer tax.

Fourth, even if I agreed that recorded deeds could be deemed void *ab initio* and wiped off the deed blotter, and also assuming that we have jurisdiction in a tax case to determine that the deeds were void *ab initio,* thereby affecting title, these deeds do not fall within that category because the parties, which, in this case happen to be the same entity, presented the deeds to the Recorder and there was nothing to say that with the recordation of those deeds that the parties did not do what they intended to do. Lester Associates has the "burden of proving to the satisfaction of the Commonwealth Court, as trier of fact, in the *de novo* proceeding, that the deed, in fact, was void *ab initio.*" *Sabatine v. Commonwealth of Pennsylvania,* 497 Pa. 453, 442 A.2d 210, 212 (1981). Lester Associates treated Lester, L.L.C. as an entity

with the capacity to buy and sell property by virtue of the fact that Sidney Becker (Becker), a general partner for Lester Associates and Gateway and a member of Lester, L.L.C., prepared both correctional deeds. Moreover, "Becker, on behalf of [Lester Associates] and Lester, L.L.C., represented to the Commonwealth in the 'Realty Transfer Tax Statement of Value' that the property was transferred to another owner and that the transfers were exempt from taxation on the ground that the deeds were corrective or confirmatory deeds." (Stipulations of Facts, Exhibits C, D). Lester Associates, with full knowledge of the grantee's legal status, cannot claim on the one hand that the March 20th deed to Lester, L.L.C. is exempt from the transfer tax, and when that charade fails, claim on the other that the deed is void *ab initio*. In effect, even if I believed we could, by saying these deeds are void *ab initio*, we are sanctioning this shell game as well as making the certainty of what is on the deed blotter with regard to a good deed a thing of the past.

Finally, regardless of whether the correctional deeds were void *ab initio*, the transfer tax would still apply because a transfer tax applies to a deed at its recording, not at its execution. "The subject matter of the realty transfer tax is the recording of a deed ... Thus, [it is] the event which triggers the tax ..." *Comach Construction, Incorporated v. City of Allentown*, 159 Pa.Cmwlth. 605, 633 A.2d 1336, 1338 (1993), *petition for allowance of appeal denied*, 539 Pa. 682, 652 A.2d 1327 (1994). As Justice Roberts' in his concurring opinion in *Sabatine* cogently stated:

> [N]o amount of subsequent evidence that the conveyance was 'void *ab initio*' could change the fact that the transfer tax was properly payable at the time the deed was presented for recordation. Where, as here, a party who has properly paid a realty transfer tax at the time

of recordation wishes later to recoup the amount paid, his recourse, if any, lies not against the Commonwealth but in his contractual rights.

*Sabatine*, 497 Pa. at 460, 442 A.2d at 213. The deeds were recorded here. The tax is due and owing.

Accordingly, I dissent.

Judge McGINLEY and Judge COHN join in this dissenting opinion.