Anthony A. and Victoria Sabatine and William A. and Mary L. Madden, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Paul L. Herron,* with him *Zion and Klein,* P.A., for appellants.

*Vincent J. Dopko,* Deputy Attorney General, for appellee.

Opinion by Judge MacPhail, March 7, 1979:

Anthony and Victoria Sabatine and William and Mary Madden (collectively, Appellants) have appealed an order of the Board of Finance and Revenue (Board) denying their petition for a refund of realty transfer tax. Section 1104 of The Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104, provides that such appeals shall be heard de novo. The record in this case consists of a stipulation of facts with related exhibits attached from which we make the following

## Findings of Fact

1. William A. Madden, Jr. and Mary L. Madden, his wife, hereinafter referred to as Madden, were, prior to November 25, 1972, the owners of certain properties known as 780 Lancaster Avenue, and 6, 8, 10 and 12 Elliott Avenue, Lower Merion Township, Montgomery County, Pennsylvania.

2. On or about November 24, 1972, Madden conveyed the aforesaid properties by deed to Anthony A. Sabatine and Victoria Sabatine, hereinafter referred to as Sabatine.

3. At the time of settlement, a Realty Transfer Tax in the sum of five thousand five hundred ten and 48/100 dollars ($5,510.48) was paid to the Commonwealth.

4. On or about January 28, 1974, Sabatine filed suit in equity in the Court of Common Pleas of Montgomery County against Madden seeking to set aside the aforesaid conveyance and to have the deed declared void because of misrepresentations by Madden or a mutual mistake of fact or both.

5. After Madden filed an answer to the complaint, they and Sabatine resolved their differences and submitted a consent decree to the Court, which

decree was signed by Honorable ROBERT HONEYMAN on July 17, 1974.

6. The consent decree provided in pertinent part:

1. That the alleged Deed dated November 24, 1972, recorded in this county in Deed Book 3808 at page 139 et seq. be and is declared null and void and of no effect at any time.

. . . .

3. That the underlying monetary transaction including the transfer taxes paid thereon is declared invalid.

7. The Commonwealth of Pennsylvania was never a party to the litigation between Madden and Sabatine, nor did it have notice of the litigation or of the consent decree at the time it was filed.

8. The deed of reconveyance dated August 23, 1974, and recorded on September 16, 1974, recited a consideration of $1.00 and stated that the reconveyance was made in accordance with the aforesaid consent decree.

9. No transfer stamps are indicated on the deed of reconveyance.

10. Madden and Sabatine filed with the Board of Finance and Revenue a petition for refund of the $5,-510.48 paid for the Realty Transfer Tax on the deed dated November 24, 1972.

11. The petition was denied by the Board as was a subsequent petition for reconsideration.

The Realty Transfer Tax Act, Act of December 27, 1951, P.L. 1742, *as amended*, 72 P.S. §3283 et seq., imposes a tax of 1% of the value of realty transferred within the Commonwealth. Section 503(a) of the Code, 72 P.S. §503(a), provides that upon petition the Board shall refund any taxes to which the Commonwealth is not rightfully or equitably entitled. The party appealing under Section 1104 of the Code, 72 P.S. §1104, has the burden of proof. *Commonwealth*

*v. General Foods Corp.*, 429 Pa. 266, 239 A.2d 359 (1968).

Appellants contend that they have met their burden of proof because the decree of court has declared the deed in question to be null and void. While the Commonwealth has stipulated that such a decree was in fact entered, it must be carefully noted that the Commonwealth has not agreed to any of the directives set forth in that decree. Neither has the Commonwealth stipulated to any factual allegations in the pleadings filed in the Court of Common Pleas of Montgomery County. A consent decree is not a legal determination by the Court of matters in controversy. *Zampetti v. Cavanaugh*, 406 Pa. 259, 176 A.2d 906 (1962). Therefore, even though Sabatine would appear to have won the contest by virtue of the consent decree, none of the facts alleged by Sabatine or by Madden can be assumed to be true in the instant litigation. In short, there is nothing before us to indicate why the tax should be refunded except the consent decree.

It is quite obvious that the Court of Common Pleas of Montgomery County had no jurisdiction over the Commonwealth or the subject matter of the realty transfer tax when the consent decree was entered. While a consent decree is as binding upon the parties as a final decree after a trial on the merits, *Zampetti, supra*, it has no effect upon parties or subject matter beyond the Court's jurisdiction. In the instant case the Commonwealth was never a party to the equity proceedings. As we have previously noted, it is the Board that is vested by the Legislature with the exclusive authority to determine when the refund of taxes shall be made. The Courts of Common Pleas of Pennsylvania have no jurisdiction in that matter whatsoever. Accordingly, that part of the consent decree purporting to declare invalid the "monetary transaction including the transfer taxes" is not bind-

ing upon or enforceable against the Commonwealth in the instant proceeding.

Having found no basis to award the requested refund to Appellants, we will affirm the order of the Board entered June 4, 1975.

Judge DiSALLE dissents.

ORDER

AND Now, this 7th day of March, 1979, the order of the Board of Finance and Revenue, entered June 4, 1975, refusing the petition of Anthony A. and Victoria Sabatine and William A. and Mary L. Madden for a refund of Realty Transfer Tax, is affirmed.